# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **HERBERT K. JORDAN,** | ) |
| Petitioner, | ) |
| v. | ) No. CIV 13-538-JHP-KEW |
| **CARL BEAR, Warden,** | ) |
| Respondent. | ) |

## OPINION AND ORDER

This matter is before the Court on Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner, an inmate currently incarcerated at Joseph Harp Correctional Center in Lexington, Oklahoma, challenges his conviction in Okmulgee County District Court Case No. 2010-244 for two counts of Unlawful Delivery of Cocaine Base, After Conviction of Two Drug-Related Felonies.[1] He sets forth three grounds for relief:

I. Failure to instruct jury that testimony of my informer should be examined and weighed with greater care.

II. Petitioner's right to due process was violated when digital recordings were destroyed by the State.

III. Ineffective assistance of trial counsel.

Respondent concedes that Petitioner has exhausted his state court remedies for the purpose of federal habeas corpus review. The following records have been submitted to the court for consideration in this matter:

---

[1] Petitioner was convicted of Counts 1 and 2, and found not guilty of Count 3.

A. Petitioner's direct appeal brief.

B. The State's brief in Petitioner's direct appeal.

C. Summary Opinion affirming Petitioner's judgment and sentence. *Jordan v. State*, No. F-2011 (Okla. Crim. App. Sept. 5, 2012).

D. State court record.

E. Transcripts of Petitioner's jury trial and sentencing

F. Original Record.

**Standard of Review**

Under the Anti-Terrorism and Effective Death Penalty Act (AEDPA), federal habeas corpus relief is proper only when the state court adjudication of a claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

**Ground I: Jury Instructions on Informant Testimony**

Petitioner alleges the trial court erred in failing to give the jury a cautionary instruction on the use of informant testimony. Petitioner raised this claim in his direct appeal, and the Oklahoma Court of Criminal Appeals (OCCA) denied relief:

> . . . [B]ecause Appellant did not request a jury instruction on the special credibility concerns of informant testimony (*see* OUJI-CR (2d) No. 9-3), we review the trial court's failure to give same for plain error only, and find none. The State presented sufficient evidence (including video footage of the

2

transactions) to corroborate the informant's claims. *Short v. State*, 980 P.2d 1081, 1099 (Okla Crim. App. 1000). [This proposition] is denied.

*Jordan v. State*, No. F-2011-610, slip op. at 2 (Okla. Crim. App. Sept. 5, 2012) (Dkt. 10-3).

Respondent asserts this ground for habeas corpus relief is an issue of state law which is not cognizable in federal habeas corpus.

> "As a general rule, errors in jury instructions in a state criminal trial are not reviewable in federal habeas corpus proceedings, 'unless they are so fundamentally unfair as to deprive petitioner of a fair trial and to due process of law.'" *Nguyen v. Reynolds*, 131 F.3d 1340, 1357 (10th Cir. 1997) (quoting *Long v. Smith*, 663 F.2d 18, 23 (6th Cir. 1981), *cert. denied*, 525 U.S. 852 (1998)); *see also Maes v. Thomas*, 46 F.3d 979, 984 (10th Cir.) ("A state trial conviction may only be set aside in a habeas proceeding on the basis of erroneous jury instructions when the errors had the effect of rendering the trial so fundamentally unfair as to cause a denial of a fair trial."), *cert. denied*, 514 U.S. 1115 (1995). Thus, the burden on a petitioner attacking a state court judgment based on a refusal to give a requested jury instruction is especially great because "'[a]n omission, or an incomplete instruction, is less likely to be prejudicial than a misstatement of the law.'" *Maes*, 46 F.3d at 984 (quoting *Henderson v. Kibbe*, 431 U.S. 145, 155 (1977)).

*Tyler v. Nelson*, 163 F.3d 1222, 1227 (10th Cir. 1999).

The record shows that Robert Wadley, the confidential informant in Petitioner's case, testified on direct examination that he agreed to help officers in the District Attorney's Drug Task Force office in exchange for leniency in his pending criminal case for possession of methamphetamine in the Creek Nation Tribal Court (Tr. I, 191-94). On cross-examination, Wadley testified that his charges for possession of methamphetamine had been dismissed, based on his cooperation with authorities in Petitioner's case (Tr. I, 234). Defense counsel also cross-examined Wadley about his use of methamphetamine and the drug transactions in which Wadley purchased crack cocaine from Petitioner on August 6, 2010; August 9,

3

2010; and August 20, 2010 (Tr. I. 196, 210, 221-22, 234-36). Therefore, Petitioner had the opportunity to attack Wadley's credibility and was able to bring the jury's attention to the fact that Wadley was not a disinterested witness. In addition, the jury was instructed that it was their responsibility to determine a witness's credibility after considering, among other things, any bias, prejudice, or interest the witness could have in the outcome of the trial (Instruction No. 18, O.R. 72, Dkt. 11-4 at 72).

The record shows there was sufficient corroborating evidence for Wadley's testimony to show Petitioner's guilt beyond a reasonable doubt. The State introduced video recordings of the drug transactions (State's Exh. Nos. 5, 12, 17), as well as a photograph of Petitioner during one of the transactions (State's Exh. Nos. 6, 7, and 18) and the money and drugs (State's Exh. Nos. 1, 2, 9, 13, and 14) that were involved in the transactions.

In *Smith v. Gibson*, 197 F.3d 454 (10th Cir. 1999), the Tenth Circuit held there was no basis for habeas relief when the trial court's refusal to give a cautionary jury instruction regarding an informant's testimony did not result in a fundamentally unfair trial. *Id*. at 460.

> Defense counsel had ample opportunity to attack [the informant's] credibility and was able to bring to the jury's attention the fact that [the informant] was not a disinterested witness. In addition, the trial court instructed jurors that it remained their responsibility to determine a witness's credibility, after considering, among other things, any bias, prejudice or interest the witness might have in the outcome of the trial.

*Id*. (internal citations omitted).

Here, the Court finds Petitioner clearly had the opportunity to expose the fact that Wadley had an interest in testifying, and the jury was fully instructed that it was their

4

responsibility to evaluate the credibility of all witnesses, including Wadley, based on their consideration of possible bias, prejudice, or interest in the outcome. Therefore, Petitioner has not shown how the lack of the desired instruction denied him a fundamentally fair trial or violated his due process rights. Ground I of the petition is denied.

**Ground II: Destruction of Evidence**

Petitioner next complains he was deprived of a fundamentally fair trial because the State "destroyed" the original recordings of the drug transactions, and the recordings as admitted at trial may or may not have reflected what actually was recorded in the scheduled drug buys. Petitioner did not object on this basis at trial, and the OCCA found no plain error in his direct appeal:

> . . . [E]ven assuming Appellant's premise is true--that the "original" version of electronic data is "destroyed" when it is downloaded to a computer from the capture device (in this case, a tiny digital camera worn by the informant during the controlled purchases)--Appellant has not demonstrated either (1) that any exculpatory material was lost when the files were downloaded, or (2) that the police officer acted in bad faith in handling the electronic files. *California v. Trombetta*, 467 U.S. 479, 489 (1984); *Arizona v. Youngblood*, 488 U.S. 51, 57-58 (1988); *Cuesta-Rodriguez v. State*, 241 P.3d 214, 225 (Okla. Crim. App. 2010). The transferred video was authenticated by witnesses before being played for the jury. The trial court did not abuse its discretion in admitting this evidence.

*Jordan*, No. F-2011-610, slip op. at 2-3. Respondent asserts the OCCA's decision on this issue was not contrary to, or an unreasonable application of, Supreme Court law.

In *California v. Trombetta*, 467 U.S. 479 (1984), the Supreme Court held that the government violates a defendant's right to due process when it destroys evidence that "possess[es] an exculpatory value that was apparent before the evidence was destroyed, and

5

[is] of such a nature that the defendant would be unable to obtain comparable evidence by other reasonably available means. *Id.* at 489. The Supreme Court subsequently interpreted *Trombetta* to provide that "unless a criminal defendant can show bad faith on the part of the police, failure to preserve potentially useful evidence does not constitute a denial of due process of law." *Arizona v. Youngblood*, 488 U.S. 51, 57-58 (1988).

The record shows that Investigator Gary McCollum attached a very small Hawk ("pinhole") camera to the shirt worn by confidential informant Robert Wadley before Wadley entered Petitioner's home to conduct the drug transactions (Tr. I, 133). The camera captured audio and video recordings of the transactions between Wadley and Petitioner. *Id.* After the transactions were completed, Investigator McCollum used the software provided with the camera to download the information from the camera and create an audio-video file that could be viewed (Tr. I, 150-51). Investigator McCollum recorded this file to a CD and made copies for the district attorney and defense counsel (Tr. I, 151). McCollum explained that the downloading process was necessary, because the digital file stored on the recording device was in the form of ones and zeros and was not viewable (Tr. I. 151). The software converted the ones and zeroes into pictures that could be viewed (Tr. I, 151, 165).

Petitioner argued on direct appeal that McCollum admitted at the preliminary hearing that once the digital information was downloaded or transferred to his computer, the memory chip in the camera immediately was erased (Dkt. 1-1 at 30). McCollum also admitted at the preliminary hearing that he only assumed the CDs contained the same information as what was initially recorded on the recording device. *Id.* Respondent argues this process did not

6

destroy the original information recorded by the camera, because the original recordings were merely converted into a viewable format.

Respondent also alleges that even if the original version of the data from the camera was "destroyed" when it was downloaded from the camera to the computer, it was not unreasonable for the OCCA to conclude that Petitioner failed to establish that the digital file was exculpatory. The video in its digital form was nothing more than a series of ones and zeros, and in that form, it was useless and could not have been exculpatory. Petitioner, therefore, has not met the first *Trombetta* requirement of exculpatory evidence.

Respondent further asserts Petitioner has failed to demonstrate how he was unable to "obtain comparable evidence by other reasonably available means." *Trombetta*, 467 U.S. at 489. Petitioner is depicted in the videos selling crack cocaine to Robert Wadley (State's Exh. Nos. 5 and 12). If Petitioner believed those recordings were exculpatory evidence that was lost when the images were downloaded, he could have (1) presented testimony regarding the unreliability of the download process or any perceived problems with the software used to convert it, (2) cross-examined the officer regarding the download process to raise any reasonable doubt that there was a problem with the download process in Petitioner's case, or (3) cross-examined the confidential informant about the events that occurred during the drug transactions that were not depicted in the video and allegedly were lost in the download. Because Petitioner had other methods of presenting any allegedly exculpatory evidence, he fails to meet the second prong of the *Trombetta* analysis. *Trombetta*, 467 U.S. at 490 (holding that defendants were not without alternative means of demonstrating their innocence where

they could have raised the issues of "faulty calibration, extraneous interference with machine measurements, and operator error" to impeach the State's evidence). Therefore, the OCCA's decision on this claim was not contrary to or an unreasonable application of *Trombetta*.

Respondent contends the information of the digital file (in the form of ones and zeroes) was not exculpatory or even potentially useful to the State's case or Petitioner's case in this form. Respondent further asserts that even if the information on the digital file was "potentially useful," Petitioner has not established that the State acted in bad faith in converting the digital file on the recording device to a video through the designated software. The element of bad faith requires more than a showing of the intentional destruction of potentially exculpatory evidence. The Petitioner must show that the State was aware of the exculpatory value of the lost evidence and made a conscious effort to prevent the defense from securing the evidence. *See Youngblood*, 488 U.S. at 57 (presence or absence of bad faith by the police for purposes of the Due Process Clause must necessarily turn on the police's knowledge of the exculpatory value of the evidence at the time it was lost or destroyed).

Respondent maintains the procedure of downloading the digital file was a technical process that did not involve any physical manipulation by the officer. Furthermore, the State provided the information to Petitioner long before trial and never concealed any information from Petitioner. In addition, there has been no suggestion that the State or the police had knowledge of any allegedly exculpatory value of the tape and then purposely destroyed the evidence, or that the State or the police acted in bad faith in converting the digital file to a

8

viewable video. Therefore, this habeas claim must fail. *Youngblood*, 488 U.S. at 58 (holding that where evidence was not concealed from the defendant and was made available to the defendant's expert who declined to test it, there was no suggestion of bad faith and, hence, no due process violation).

After careful review, the Court finds Petitioner has failed to show the OCCA's decision on this claim was contrary to, or an unreasonable application of, clearly established Supreme Court precedent. 28 U.S.C. § 2254(d)(1). Ground II of the petition fails.

**Ground III: Ineffective Assistance of Trial Counsel**

Petitioner alleges in Ground III that his trial counsel was ineffective in failing to object to the admission of the videos showing Petitioner selling crack cocaine to Wadley. The OCCA addressed the claim on the merits and denied relief:

> . . . Because Appellant has not shown that he was prejudiced by defense counsel's failure to object to this evidence at trial, his claim . . . that counsel was ineffective for failing to object must also fail. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Grissom v. State*, 253 P.3d 969, 994 (Okla. Crim. App. 2011). . . .

*Jordan*, slip op. at 3.

To prevail on a claim of ineffective assistance of counsel, the accused must prove deficient performance and prejudice. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To prove deficiency, the accused must overcome the strong presumption that counsel's conduct fell outside of the wide range of professional conduct, including trial strategy. *Id.* at 689. To prove prejudice, the defendant must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.*

9

at 694. On habeas review, the court does not examine whether the elements of *Strickland* have been met. *Harrington v. Richter*, 562 U.S. 86, 101 (2011). Instead, the pivotal question is whether the state court's application of *Strickland* was reasonable. *Id*.

Under AEDPA, "[a] state court must be granted a deference and latitude that are not in operation when the case involves review under the *Strickland* standard itself." *Harrington*, 562 U.S. at 86. When evaluating the state court's resolution of *Strickland's* performance requirement, federal courts must "use a 'doubly deferential' standard of review that gives both the state court and the defense attorney the benefit of the doubt." *Burt v. Titlow*, ___ U.S. ___, 134 S.Ct. 10, 13 (2013) (quoting *Cullen v. Pinholster*, ___ U.S. ___, 131 S. Ct. 1388, 1403 (2011)).

Petitioner does not claim the video recordings were tampered with or otherwise altered. He instead asserts the CDs made from the camera's recordings "may or may not" reflect what actually was recorded by the camera (Dkt 10-1 at 31-32). The Court finds the trial testimony by Investigator McCollum and Robert Wadley demonstrate beyond any reasonable probability that the evidence was not altered in any material respect when it was downloaded onto the CDs. Petitioner has not presented any evidence that the digital recording was anything other than what is was purported to be, which was a reproduction of the video and audio recordings made of the drug buys. Therefore, the CDs were properly admitted.

Because the evidence was properly admitted, any objection by defense counsel made on this basis would have been overruled. Defense counsel is not ineffective for failing to

raise a meritless objection. *See Sperry v. McKune*, 445 F.3d 1268, 1275 (10th Cir. 2006) (holding that counsel was not ineffective for failing to assert a meritless argument at trial); *Miller v. Mullin*, 354 F.3d 1288, 1298 (10th Cir. 2004) (observing that "if the issue is meritless, its omission will not constitute deficient performance."). The Court finds that even if trial counsel had raised the above issues, Petitioner has not shown that the outcome of the trial would have been different. Therefore, the OCCA's determination of this claim was not contrary to, or an unreasonable application of Supreme Court law, and the OCCA's decision was not based on an unreasonable determination of the facts presented at trial. 28 U.S.C. § 2254(d).

**Certificate of Appealability**

The Court further finds Petitioner has failed to make a "substantial showing of the denial of a constitutional right," as required by 28 U.S.C. § 2253(c)(2). In addition, he has not shown "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether [this] court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Therefore, a certificate of appealability cannot be issued.

**ACCORDINGLY**, Petitioner's petition for a writ of habeas corpus (Dkt. 1) is DENIED, and Petitioner is DENIED a certificate of appealability.

**IT IS SO ORDERED** this 29th day of March 2017.

James H. Payne
United States District Judge
Eastern District of Oklahoma

11